THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL CASE NO. 1:17-cv-00176-MR

| | |
|---|---|
| CAROL HARTNESS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| NANCY A. BERRYHILL[1], Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's Motion for Summary Judgment [Doc. 9].

## I. PROCEDURAL HISTORY

The Plaintiff, Carol Hartness, asserts that she is entitled to a Lump-Sum Death Payment ("LSDP") under Title II of the Social Security Act ("the Act") based on the earnings record of the deceased wage earner, Gerald Luther Hartness ("the decedent"). On March 18, 2013, the Plaintiff protectively filed an application for a LSDP under Title II of the Act. [Transcript ("T.") at 24]. The Plaintiff's claim was denied initially and on

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Accordingly, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Carolyn W. Colvin as the Defendant herein. See 42 U.S.C. § 405(g).

reconsideration. [T. at 28, 34, 41]. Upon the Plaintiff's request, a hearing was held on February 3, 2015, before an Administrative Law Judge ("ALJ"). [T. at 171-81]. The Plaintiff, proceeding *pro se*, testified at the hearing. [Id.] On March 19, 2015, the ALJ issued a decision denying the Plaintiff a LSDP. [T. at 7-17]. On May 25, 2017, the Appeals Council denied the Plaintiff's request for review of the ALJ's Decision, thereby making the ALJ's decision the final decision of the Commissioner. [T. at 4-7]. The Plaintiff has exhausted all available administrative remedies, and this case is now ripe for review pursuant to 42 U.S.C. § 405(g).

## II.   STANDARD OF REVIEW

The Court's review of a final decision of the Commissioner is limited to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). "When examining [a Social Security Administration] disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Bird v. Comm'r, 699 F.3d 337, 340 (4th Cir. 2012). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support

a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (internal quotation marks omitted). "It consists of more than a mere scintilla of evidence but may be less than a preponderance." Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks omitted).

"In reviewing for substantial evidence, [the Court should] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." Johnson, 434 F.3d at 653 (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ," the Court defers to the ALJ's decision. Id. (internal quotation marks omitted). To enable judicial review for substantial evidence, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013).

## III. THE ALJ'S DECISION

In denying the Plaintiff's claim, the ALJ found that the deceased wage earner, Gerald Luther Hartness, died on February 28, 2013. [T. at 14]. The ALJ then determined that the Plaintiff and the decedent were previously married. The ALJ, however, found that the Plaintiff was not living in the same household with the decedent at the time of death due to no-contact Domestic

3

Violence Orders of Protection filed by the Plaintiff in December 2007 and April 2011. [Id.]. The ALJ therefore concluded that the Plaintiff did not meet the statutory criteria to be eligible for a LSDP under the Social Security Act. [Id.]

**IV.   DISCUSSION[2]**

The Plaintiff, who is proceeding in this matter *pro se*, has not filed a motion for summary judgment. Rather, the Plaintiff has filed a hand-written, one-page document entitled "To Whom It May Concern," as well as a response to the Commissioner's Motion for Summary Judgment. In her filings, the Plaintiff does not specifically identify any errors that the ALJ made in evaluating the record, nor does she argue that she qualifies as having been "living in the same household" as the decedent. Rather, she appears to argue that she should receive a LSDP because her absence from the decedent's household was due to the decedent's domestic violence.

Under Section 202(i) of the Act, 42 U.S.C. 402(i), as relevant here, a claimant seeking a LSDP must show that: (1) she is the "widow" of an individual who died fully insured; and (2) she was "living in the same household with the deceased at the time of death." The Social Security

---

[2] Rather than set forth a separate summary of the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

Administration Regulations provide that a claimant qualifies as a "widow" if she and the insured were "validly married under State law … at the time the insured died." 20 C.F.R. § 404.345. If a claimant does not qualify as a "widow" under the Act, then the claim is denied. Otherwise, a claimant who qualifies as a "widow" must also demonstrate that she qualifies as having been "living in the same household" as the insured at the time of death.

The Regulations define "living in the same household," as the claimant and the insured having "customarily lived together as husband and wife in the same residence." 20 C.F.R. § 404.347. The Regulations further provide that if the claimant is absent from the residence at the time of the insured's death, then she will only qualify as having been "living in the same household" if her absence was "temporary." Id. However, an absence is considered "temporary" only if:

> (a) It was due to service in the U.S. Armed Forces;
>
> (b) It was 6 months or less and neither you nor the insured were outside of the United States during this time and the absence was due to business, employment, or confinement in a hospital, nursing home, other medical institution, or a penal institution;
>
> (c) It was for an extended separation, regardless of the duration, due to the confinement of either you or the insured in a hospital, nursing home, or other medical institution, if the evidence indicates that you were separated solely for medical reasons and you otherwise would have resided together; or

5

> (d) It was based on other circumstances, and it is shown that you and the insured reasonably could have expected to live together in the near future.

Id. Further, a claimant does not qualify for a LSDP if she and the insured "were apart because of incompatibility, ill treatment, or other domestic difficulty." Social Security Program Operations Manual System (POMS) RS 00210.035.B.2. The only exception is when the evidence makes clear that the claimant and the decedent, "from the beginning, intended to resume living together physically within a short time." Id.

In this case, the ALJ determined that the claimant qualified as a "widow" but did not satisfy the requirement of "living in the same household" as the deceased insured at the time of death. The Plaintiff contends that the Social Security Administration "laws should allow for domestic violence [and] judge's orders when it happens, at times it's a loophole for [the] Social Security [Administration] not to pay benefits to a widow." [Doc. 11 at 1; see also Doc. 11 at 1 ("[W]hen the ALJ decided that I wasn't entitled to the benefits because I wasn't living with [the decedent] there was a judge's order to keep u[s] from talking to one another, seeing one another, or living together because of domestic violence on [the decedent's] part.")].[3] The

---

[3] In her filings, the Plaintiff also states that she was married to the decedent at the time of death and has paid for his funeral expenses. [See Docs. 1, 11]. Whether the Plaintiff

Court recognizes that the Plaintiff is frustrated that the laws regarding eligibility for a LSDP do not make an exception for an absence due to the decedent's propensity for domestic violence. That frustration, however, does not translate into any right that this Court can enforce. This Court must follow what the law is, not what the Plaintiff believes it should be.

Here, the ALJ found that the Plaintiff was not living in the same household as the decedent at the time of death. [T. at 14]. There is substantial evidence in the record to support this finding. The Plaintiff filed for and obtained a no-contact Domestic Violence Order of Protection arising out of an incident with the decedent in December of 2010. [T. at 15-23]. The no-contact Domestic Violence Order of Protection was to remain in effect until May 29, 2013, and was in effect at the time of Plaintiff's husband's death. [T. at 64]. Another individual, Veronica Morrell, also filed for a Domestic Violence Order of Protection against the decedent on November 15, 2012, therein, she indicated that she and the decedent were current or former household members. [T. at 164]. The Plaintiff testified at the hearing that she had not lived with the decedent since December 5, 2010 and that

---

was married to the decedent at the time of death is not at issue in this case, as the ALJ found the Plaintiff qualifies as a widow but does not qualify as having been living in the same household as the decedent. Further, the payment of the decedent's funeral expenses is not a relevant factor in determining whether the Plaintiff is eligible for a LSDP.

she had been renewing her no-contact Domestic Violence Order of Protection. [T. at 175]. The Plaintiff also testified she had minimal information about the decedent at the time of his death because she "always heard it through a third party." [T. at 176]. The Plaintiff, regarding whether she would have resumed living with the decedent before his death, testified that she was "really unsure about it." [T. at 178].

There is simply no evidence in the record that the Plaintiff was living in the same household with the decedent at the time of death or that the Plaintiff's absence qualified as being only temporary. The provisions of 20 C.F.R. § 404.347(a) through (c) clearly do not apply. Plaintiff appears to try to be seeking for the Court to apply subsection (d). There is nothing in the record, however, to support an argument that the Plaintiff and the decedent had any intent to resume living together or would customarily resume living together after incidents of domestic violence. Therefore, the ALJ's determination that the Plaintiff does not qualify as having been living in the same household as the decedent at the time of death, and that the Plaintiff's absence does not qualify as being temporary is supported by substantial evidence in the record. Accordingly, the Plaintiff has not met the eligibility requirements for a LSDP under Section 202(i) of the Act, 42 U.S.C. 402(i).

For the reasons set forth herein, the Court concludes that there is substantial evidence in the record to support the ALJ's determination that the Plaintiff is not entitled to a Lump-Sum Death Payment. Accordingly, the decision of the Commissioner is affirmed.

**O R D E R**

Accordingly, **IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Summary Judgment [Doc. 9] is **GRANTED**; the decision of the Commissioner is **AFFIRMED**; and this case is hereby **DISMISSED**. A judgment shall be entered contemporaneously herewith.

**IT IS SO ORDERED.**

Signed: August 14, 2018

Martin Reidinger
United States District Judge